UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**RHONDA PECK,**

               Plaintiff,

           -against-

**BBDO WORLDWIDE, INC., BBDO NEW YORK,**

               Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

06 Civ. 143 (RMB)

**JURY TRIAL DEMANDED**

Plaintiff hereby alleges upon personal knowledge and information and belief as follows:

### NATURE OF THIS ACTION

1.    This action is brought by Plaintiff to recover damages for Defendants' discriminatory and otherwise illegal conduct in terminating Plaintiff's employment based on her age, religious beliefs and disability.

### THE PARTIES

2.    Plaintiff is a citizen of New York currently residing in Indiana.  She is a practicing Buddhist, over the age of 50 and has mobility problems with one of her feet requiring her to walk slowly and use a cane. She was employed by the defendants as a Creative Director between August 1999 and January 2004.

3.    Upon information and belief, Defendant BBDO Worldwide Inc. is an advertising agency organized under the laws of the State of New York that sometimes does business under the name BBDO New York.

### JURISDICTION AND VENUE

4.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among Title VII of the Civil Rights Act, The Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA").

5.    Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that Defendant is deemed to reside in this judicial district.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

6.     Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

7.     Plaintiff's performance during the period of her tenure was uniformly praised and always met her employer's expectations.

8.     Plaintiff was well known by her managers to practice the Buddhist faith. In or about August 2003, she told her employer she could not work on a Kentucky Fried Chicken campaign because that companies' well-publicized mistreatment of animals violated the tenets of her beliefs.

9.     Although she was permitted not to work on the campaign, her senior creative director, Al Merrin, was irate, and from then on to the time of her departure from the firm either did not talk to her or treated her with hostility.

10.     In January 2004, there was a company-wide reduction in force. Although plaintiff's performance was always good and although she assisted the defendant in bringing in millions, she was terminated although others whose performance was marginal were allowed to stay employed. Her request to be kept off the KFC campaign was a motivating factor in terminating her employment.

11.     Additionally, those laid off were statistically of an age group older 40 and over. Plaintiff's age was a motivating factor in her employment in that she was part of a reduction in force of older workers and was replaced by an employee substantially younger than she who was 37 years of age.

12.     Finally,  plaintiff's foot injury was the subject of repeated negative comments from Al Merrin, who was frustrated at plaintiff's slow pace, as well as the prospect that she would eventually have to take time off in order to accommodate a surgery . Although plaintiff put off having the foot surgery several times in order to accommodate her employer, defendants terminated plaintiff knowing that she was scheduled for the surgery just five weeks after her termination.

13.     As a result of the foregoing, plaintiff has been damages

## FIRST CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION IN VIOLATION OF, AND RETALIATION UNDER, TITLE VII

31.      Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.      Plaintiff's religious beliefs and the exercise thereof was a motivating factor in her termination. By virtue of the foregoing, Defendants violated Title VII.

33.      By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

34.      Plaintiff repeats and realleges each allegation contained in the preceding paragraphs above.

35.      Plaintiff was either actually or perceived to be substantially limited in the major life activity of walking

36.      Plaintiff's disability or perceived disability was a motivating factor in her termination. By virtue of the foregoing, Defendants violated the ADA.

37.      As a result of the foregoing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## AGE DISCRIMINATION UNDER THE ADEA

38.      Plaintiff repeats and realleges each allegation contained in the preceding paragraphs above.

39.      At the time of her termination plaintiff was 53 years of age.

40.      Plaintiff's age was a motivating factor in her termination. By virtue of the foregoing, Defendants violated the ADA.

41.      As a result of the foregoing, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands as follows:

        A.      Compensatory damages;

        B.      Punitive damages;

        C.      Cost of suit and attorney's fees;

        D.      Liquidated damages;

        E.      Such other relief as the Court may deem just and proper.

Dated:      New York, New York
            January 9, 2006

                                   /s/
                            GREGORY ANTOLLINO
                            GA 5950
                            Attorney for Plaintiff
                            1123 Broadway, Suite 902
                            New York, NY 10010
                            (212) 334-7397